UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULISSA COTA,<br><br>                           Plaintiff,<br><br>        v.<br><br>PORVEN, LTD., *et al.*,<br><br>                           Defendants. | Case No. 20-cv-1806-BAS-RBB<br><br>**ORDER GRANTING JOINT MOTION TO DISMISS**<br><br>**[ECF No. 19]** |

Plaintiff commenced this action against Defendants on September 14, 2020, alleging website accessibility violations under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.* ("ADA"), and California's Unruh Civil Rights Act ("Unruh Act") on September 14, 2020. (Compl., ECF No. 1.)  By this action, Plaintiff sought to represent not only herself, but two putative classes: a nationwide class in connection with her ADA claim and a California-only class in connection with both her ADA claim and her Unruh Act claim. (*Id.* ¶¶ 43–44.)  However, Plaintiff never moved for class certification.

Before this Court is the parties' joint motion to dismiss this action under Rule 41(a)(1)(A)(ii).  (Joint Mot., ECF No. 19.)  Specifically, the Joint Motion seeks (1) dismissal with prejudice of Plaintiff's individual claims and (2) dismissal without prejudice of the putative class claims.  In support of their Joint Motion, the parties filed a stipulation of dismissal, signed by all parties who have appeared. (*See id.*)

| | |
|---|---|
| 1 | Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss its action by (1) filing a notice of voluntary dismissal before a defendant has filed an answer or moved for summary judgment, *or* (2) filing a stipulation of dismissal signed by all parties who have appeared.  Fed. R. Civ. P. 41(a)(1)(A); *see also Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).  Dismissal is effective upon the filing of a compliant notice or stipulation, as described in Rule 41(a)(1)(A), and no court order is required.  *Stone v. Woodford*, No. CIV-F-05-845 AWI-DLB, 2007 WL 527766 (E.D. Cal. Feb. 16, 2007).  A dismissal is without prejudice unless the parties stipulate otherwise.  Fed. R. Civ. P. 41(a)(1)(B).  Crucially, "*prior* to certification" a named plaintiff may dismiss claims on behalf of a putative class under Rule 41(a)(1)( because "Rule 23(e) does not provide the district court with nay supervisory authority over such dismissals, nor does it require notice to the absent class members." *Ripley v. Bridgestone Retail Ops., LLC*, No. C09-1482 RSM, 2010 WL 11684294, at *2 (W.D. Wash. Sept. 2, 2010) (citing Moore's Federal Practice 3d, § 23.64[2][a] (2007)); *see also Richey v. GetWellNetwork, Inc.*, No. 20-cv-2205-BEN-BLM, 2021 WL 424281, at *3 ("Because no class has been certified in this case, Rule 23 does not mandate either Court approval of the instant settlement or notice to putative class members" (quoting *Allred v. Chicago Title Co.*, No. 19CV2129-LAB (AHG), 2020 WL 5847550, at *1 (S.D. Cal. Oct. 1, 2020)). |

Nonetheless, the local civil rules of this district require that where, as here, litigants seek voluntary dismissal by filing a signed stipulation pursuant to Rule 41(a)(1)(ii), such a stipulation must be filed as a joint motion.[1]

---

[1] *See* Electronic Case Filing Administrative Policies and Procedures Manual, United States District Court for the Southern District of California.

1    Having considered the parties' request, the Court **GRANTS** the Joint Motion. (ECF
2 No. 19.)  Thus, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims and
3 **DISMISSES WITHOUT PREJUDICE** the putative class's claims against all
4 Defendants.  Each party shall bear its own costs and fees.  The Clerk of Court is directed
5 to close the case.

6    **IT IS SO ORDERED.**

8 **DATED: January 18, 2022**

Hon. Cynthia Bashant
United States District Judge